BROWNSTEIN HYATT FARBER SCHRECK, LLP
Lawrence J. Jensen, Admitted Pro Hac Vice
ljensen@bhfs.com
Diane C. De Felice, Bar No. 149021
ddefelice@bhfs.com
2049 Century Park East, Suite 3550
Los Angeles, California 90067-3007
Telephone:  310.500.4600
Facsimile:   310.500.4602

Christopher O. Murray, Admitted Pro Hac Vice
cmurray@bhfs.com
410 Seventeenth Street, Suite 2200
Denver, Colorado 80202-4432
Telephone:  303.223.1100
Facsimile:   303.223.1111

Attorneys for Intervenor-Defendants
CADIZ INC. and CADIZ REAL ESTATE LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE NATIVE AMERICAN LAND CONSERVANCY and NATIONAL PARKS CONSERVATION ASSOCIATION,<br><br>            Plaintiffs,<br><br>   v.<br><br>DEBRA HAALAND, Secretary of the Interior, in her official capacity; U.S. DEPARTMENT OF INTERIOR; U.S. BUREAU OF LAND MANAGEMENT; NADA WOLFF CULVER, Senior Advisor to the Secretary of Interior, exercising the delegated authority of the BLM Director; KAREN MOURITSEN, BLM California State Director; ANDREW ARCHULETA, District Manager for BLM California Desert District; MICHAEL AHRENS, Field Manager for BLM Needles Filed Office; in their official capacities,<br><br>            Defendants, | Case No.  5:21-cv-00496-GW-AS<br><br>**CADIZ INC. AND CADIZ REAL ESTATE LLC'S NOTICE OF *EX PARTE* APPLICATION AND *EX PARTE* APPLICATION TO CLARIFY THE SCHEDULING ORDER, OR, IN THE ALTERNATIVE, TO MODIFY THE SCHEDULING ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:  None<br>Time:  N/A<br>Trial Date:  None Set<br>Courtroom:  9D<br>Judge:  George H. Wu |

1

| | |
|---|---|
| 1 | CADIZ INC. and CADIZ REAL |
| 2 | ESTATE LLC, |
| 3 | Intervenor-Defendants. |

Pursuant to Local Rule 7-19, Federal Rule of Civil Procedure 6(c)(1)(A), and this Court's standing orders, Intervenor-Defendants CADIZ INC. and CADIZ REAL ESTATE LLC (collectively, "Cadiz") apply to this Court *Ex Parte* ("*Ex Parte* Application") for an order clarifying that the Court's Scheduling Order, Doc. No. 37 and Doc. No. 46, which set the briefing schedule for Federal Defendants' motion for voluntary remand, does not foreclose motion practice in advance of the filing of responsive pleadings. In the alternative, Cadiz requests that the Court modify the Scheduling Order to permit such motion practice for good cause shown under Federal Rule of Civil Procedure 16(b)(4).

Cadiz's *Ex Parte* Application is brought on the grounds that Plaintiffs CENTER FOR BIOLOGICAL DIVERSITY, DEFENDERS OF WILDLIFE, SIERRA CLUB, as well as NATIVE AMERICAN LAND CONSERVANCY, and NATIONAL PARKS CONSERVATION ASSOCIATION (collectively, "Plaintiffs"), have taken the position that such motions practice is foreclosed by the Scheduling Order, pending resolution of Federal Defendants' motion for voluntary remand, and have urged Cadiz to seek relief from the Court immediately.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
2049 Century Park East, Suite 3550
Los Angeles, CA 90067-3007

Dated:  December 20, 2021

Respectfully submitted,

BROWNSTEIN HYATT FARBER SCHRECK, LLP

By: /s/ *Diane C. De Felice*
  Lawrence J. Jensen
  Diane C. De Felice
  Christopher O. Murray
  Attorneys for Intervenor-Defendants
  CADIZ INC. and CADIZ REAL ESTATE LLC

## **TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ..........................................................................................6

II.  FACTUAL BACKGROUND ........................................................................7

III. ARGUMENT .................................................................................................9

    A.   Cadiz Requests Clarification That the Scheduling Order Does Not Foreclose Pre-Answer Motions Practice................................................9

    B.   Alternatively, Cadiz Asks the Court to Modify the Scheduling Order to Allow Cadiz to File the Proposed Motions............................................10

IV.  CONCLUSION ............................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aardwolf Indus., LLC v. Abaco Machines USA, Inc.*,
  No. CV 16-1968-GW(JEMX), 2017 WL 6888242 (C.D. Cal. Sept. 7, 2017) .................................................................................................. 10

*Center for Biological Diversity v. BLM*,
  Case No. 2:21-cv-02507-GW-AS (C.D. Cal.) ............................................ 6, 8, 11

*Native American Land Conservancy v. Haaland*,
  Case No. 5:21-cv-00496-GW-AS (C.D. Cal.) ............................................ 6, 8, 15

**Other Authorities**

Federal Rule of Civil Procedure Rule 7-19 ................................................................ 2

Federal Rule of Civil Procedure 16(b)(3) ............................................................. 6, 10

Federal Rule of Civil Procedure 16(b)(4) ............................................................. 2, 10

# MEMORANDUM OF POINTS AND AUTHORITIES[1]

## I. INTRODUCTION

Cadiz intends to file three pre-answer motions aimed at narrowing the issues in this case. When counsel for Cadiz conferred with counsel for Plaintiffs and Federal Defendants[2] regarding these motions, Plaintiffs and Federal Defendants took the position that the Court's Scheduling Order, Doc. No. 37 and Doc. No 46, which set the briefing schedule on Federal Defendants' Motion for Voluntary Remand ("Motion for Remand"), and was subsequently amended by the parties' stipulation, affirmatively forecloses Cadiz's motions until the Court's determination of the Motion for Remand. The Scheduling Order does no such thing, and indeed could do no such thing because it is not a "scheduling order" as that term is used in Federal Rule of Civil Procedure 16(b)(3). Nevertheless, in the interest of avoiding needless briefing of anticipated motions to strike Cadiz's planned motions, Cadiz brings this *Ex Parte* Application requesting the Court clarify the Scheduling Order does not foreclose pre-answer motions practice in the ordinary course.

In the alternative, if the Court determines the Scheduling Order must be modified to permit consideration of its pre-answer motions, Cadiz requests that the Court modify the Scheduling Order to permit its motions for good cause shown. Good cause is demonstrated because Cadiz's motions will focus the issues before

---

[1] Cadiz filed its *Ex Parte* Application in both *Center for Biological Diversity v. BLM*, Case No. 2:21-cv-02507-GW-AS (C.D. Cal.) ("CBD Case") and *Native American Land Conservancy v. Haaland*, Case No. 5:21-cv-00496-GW-AS (C.D. Cal.) ("NALC/NPCA Case"). The *Ex Parte* Applications are substantially the same for both cases, and the only difference is the motions that Cadiz intends to file. For the CBD Case, Cadiz intends to file a motion for partial summary judgment and motion to strike. For the NALC/NPCA Case, Cadiz intends to file only a motion to strike.

[2] Consistent with prior filings in this case, the term Federal Defendants refers to Defendants U.S. BUREAU OF LAND MANAGEMENT; DEBRA HAALAND, Secretary of Interior; NADA CULVER, Senior Advisor to the Secretary of Department of Interior; KAREN MOURITSEN, California Director, Bureau of Land Management; ANDREW ARCHULETA, California Desert District Manager, Bureau of Land Management; and MICHAEL AHRENS, Needles Field Office Manager, Bureau of Land Management.

the Court and aid its consideration of this matter.

## II.    FACTUAL BACKGROUND

These cases were initiated by Plaintiffs on March 23, 2021. Plaintiffs challenge a December 21, 2020 Bureau of Land Management ("BLM") decision to approve the assignment of a right-of-way ("ROW") to maintain and operate an existing pipeline from its previous owner, El Paso National Gas Company, LLC ("EPNG"). This pipeline crosses BLM-managed lands for approximately 60 miles of its 216-mile route, and BLM grant number CA-42649 provided EPNG a ROW for the pipeline as an oil and natural gas pipeline under the Mineral Leasing Act ("MLA"). BLM approved EPNG's assignment of this ROW to Cadiz via BLM grant number CA-059168 ("MLA ROW"), giving Cadiz the right to maintain and operate the pipeline for the same purposes it has been used for by EPNG. At the same time, BLM also granted Cadiz the right to transport water through the pipeline. This separate grant—BLM grant number CA-059050—was issued pursuant to the Federal Land Policy Management Act ("FLPMA ROW").

Cadiz moved to intervene before Federal Defendants had responded to Plaintiffs' Complaints and was therefore granted intervention without the requirement that it file a responsive pleading. *See* Doc. 30. Two months after Cadiz's intervention, Federal Defendants indicated that rather than file a responsive pleading, they planned to file a motion for voluntary remand and vacatur. Doc. 35 at 1. When Cadiz requested that Federal Defendants articulate the basis for their motion for remand, Federal Defendants stated only that they now believed their ROW grants to Cadiz to transport water through the pipeline were "legally indefensible" based on the administrative record (which was not yet filed in the case). Decl. of Diane De Felice ("De Felice Decl.") ¶ 3. Nonetheless, the parties agreed to a schedule for the briefing of the anticipated motion for remand on October 19, 2021. Doc. 36. Despite ongoing discussions regarding the need to

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
2049 Century Park East, Suite 3550
Los Angeles, CA 90067-3007

supplement the administrative record, Federal Defendants filed their Motion for Remand on December 3, 2021, Doc. 40, as contemplated in the stipulated briefing schedule.

In their Motion for Remand, Federal Defendants took the position that voluntary remand and vacatur was warranted for not only the FLPMA ROW granting Cadiz the right to transport water through the existing pipeline, but also the BLM's approval of the MLA ROW assignment, which permits only the transport of oil and gas. *Id.* at 1, 19–20. Further, Federal Defendants appear to have adopted material allegations from Plaintiffs' Complaints as fact, including allegations that there has been no study of the environmental impact of Cadiz's potential pumping of groundwater from under its property when extensive study has been completed under the California Environmental Quality Act (CEQA). Indeed, this prior study was the subject of exhaustive litigation to which Plaintiffs Center for Biological Diversity, Sierra Club, and National Parks Conservation Association were all co-plaintiffs.

On December 17, 2021, after reviewing the administrative record in conjunction with Federal Defendants Motion for Remand, counsel for Cadiz conferred with counsel for Plaintiffs and Federal Defendants, and informed them that Cadiz planned to file three motions (collectively, "Proposed Motions"). De Felice Decl. at ¶ 4. First, Cadiz intends to file a motion for partial summary judgement in the CBD case, challenging Plaintiffs' contest to the approval of the MLA ROW assignment, which granted Cadiz <u>no new rights</u> beyond those that had previously been granted to EPNG. *Id.* Second, Cadiz intends to file a motion in both the CBD Case and the NALC/NPCA Case to strike certain allegations in the Complaints of significant unanalyzed environmental damage—<u>not</u> from the ROWs—but from the potential pumping of groundwater from beneath Cadiz's property. The environmental impacts of this potential pumping were analyzed

CADIZ'S *EX PARTE* APPLICATION TO CLARIFY THE SCHEDULING ORDER,
OR, IN THE ALTERNATIVE, TO MODIFY THE SCHEDULING ORDER

extensively and litigated to final judgment in state court. Plaintiffs lost. The doctrine of preclusion bars any attempt by Plaintiffs to relitigate those issues in this case. *See id.* During the conferral, counsel for Plaintiffs claimed the Court's Scheduling Order precludes the Proposed Motions, and that Plaintiffs would move to strike the Proposed Motions absent a modification of the Scheduling Order by the Court. *Id.* at ¶ 6 & Ex. 1. Counsel for Plaintiffs also stated that they would oppose any modification of the Scheduling Order to permit the Proposed Motions and urged that if Cadiz intended to ask the Court to modify the Scheduling Order, it should bring this matter before the Court as expeditiously as possible. *Id.* at ¶ 7. Counsel for Federal Defendants largely agreed with counsel for Plaintiffs. *Id.*

While Cadiz believes the Scheduling Order only outlines the schedule for briefing Federal Defendants' Motion for Remand and does not foreclose regular pre-answer motions practice, it files this *Ex Parte* Application to avoid the time and expense of briefing Plaintiffs' anticipated motions to strike the Proposed Motions and in the interest of clarity for the parties on a going-forward basis.

### III. ARGUMENT

Cadiz requests that the Court issue an order clarifying the Scheduling Order that set the briefing schedule on Federal Defendants' Motion for Remand. Specifically, that the Order does not foreclose motion practice in advance of the filing of responsive pleadings. Alternatively, Cadiz asks the Court to modify the Scheduling Order to permit Cadiz to file the Proposed Motions.

### A. Cadiz Requests Clarification That the Scheduling Order Does Not Foreclose Pre-Answer Motions Practice

The Scheduling Order does not address any subject other than Federal Defendants' Motion for Remand. Plaintiffs take the position that this means the Scheduling Order somehow silently forecloses any motions practice beyond the Motion for Remand. Common sense and Rule 16 belie Plaintiffs' position. First,

common sense: the Scheduling Order is clearly aimed at resolution of Federal Defendants' Motion for Remand, and nothing in the Scheduling Order forecloses ordinary pre-answer motion practice aimed at narrowing and clarifying the issues before the Court. The Proposed Motions are exactly the sort of motions presumptively permitted absent an order to the contrary. Second, Rule 16: the Scheduling Order does not conform to Rule 16's requirements for a generally governing scheduling order. It does not limit or address the time to join other parties, amend the pleadings, complete discovery, and file motions. *See* Fed. R. Civ. P. 16(b)(3). This is not surprising because the parties have agreed to forego responsive pleadings until the Court has ruled on the Motion for Remand; thus, these deadlines cannot be set until it is determined whether responsive pleadings are necessary after the Court's decision on the Motion for Remand. The Court should clarify that motions that may be filed and considered in advance of responsive pleadings, like the Proposed Motions, may be submitted in the ordinary course.

### B. Alternatively, Cadiz Asks the Court to Modify the Scheduling Order to Allow Cadiz to File the Proposed Motions

The Court "is given broad discretion in supervising the pretrial phase of litigation," *Aardwolf Indus., LLC v. Abaco Machines USA, Inc.*, No. CV 16-1968-GW(JEMX), 2017 WL 6888242, at *3 (C.D. Cal. Sept. 7, 2017) (quoting *Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 369 (9th Cir. 1985)), and the Court may modify its scheduling order "upon a showing of good cause," Fed. R. Civ. P. 16(b)(4). The good cause standard primarily focuses on "the diligence of the party seeking [to] amend." *Id.* (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). In applying the good-cause standard, the Court "consider[s] whether: '(1) [movant] was diligent in assisting the Court in creating a workable Rule 16 order (2) [movant's] noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding . . . diligent efforts to comply, because of the

development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference and (3) [movant] was diligent in seeking amendment of the Rule 16 order, once it became apparent that [movant] could not comply with the order . . . .'" *Id.* (quoting *Jackson v. Laureate*, 186 F.R.D. 605, 607 (E.D. Cal. 1999)). Cadiz's diligence in seeking modification is uncontroverted and modification will narrow the claims in this litigation.

First, as stated, the predicate for Cadiz's Proposed Motions is Federal Defendants' Motion for Remand. On December 3, 2021, Federal Defendants in their Motion for Remand took the position that voluntary remand and vacatur was warranted for not only FLPMA ROW, but also the MLA ROW, an oil and gas right-of-way that has nothing to do with the transport of water. Indeed, after reviewing Defendants' Motion for Remand, it appears that Federal Defendants have adopted as true, many inaccurate allegations by Plaintiffs, including, most importantly, allegations that Cadiz's pumping of groundwater from the aquifers underlying its property will cause significant environmental harm. After reviewing Federal Defendants' newly articulated positions, on December 17, 2021, counsel for Cadiz conferred with counsel for Plaintiffs and Federal Defendants regarding the Proposed Motions. De Felice Decl. at ¶¶ 4–5. Counsel for Plaintiffs claimed that the Court's Scheduling Order precludes Cadiz's Proposed Motions, and that Plaintiffs would move to strike the Proposed Motions absent a modification of the Scheduling Order. *Id.* at ¶ 7 & Exs. 1, 2. In response, Cadiz filed this *Ex Parte* Application within one business day of conferring with Plaintiffs. Cadiz was therefore diligent in presenting these issues to the Court and seeking modification of the Scheduling Order to allow the Proposed Motions.

Second, each of the Proposed Motions will narrow the claims in this litigation and promote efficiency. This is a threshold issue. Cadiz's motion for partial summary judgment in the CBD Case will focus only on the MLA ROW and

argue that BLM's approval of the MLA ROW assignment from EPNG to Cadiz was proper. <u>Through the assignment, Cadiz acquired the exact same rights and responsibilities BLM had already granted to EPNG</u>: namely, the responsibility to maintain the MLA ROW and the right operate an existing pipeline on the ROW for the transportation oil and gas. Plaintiffs' concerns about Cadiz's plan to transport water through the pipeline are irrelevant to the MLA ROW, because the MLA ROW does not permit Cadiz to transport water through the pipeline. This is a threshold issue that should be decided before the Court considers Federal Defendants' Motion for Remand. To be clear, Federal Defendants' proffered reason for vacatur and remand of the MLA ROW is a supposed defect in the agency's approval of the assignment, which, in turn, is based on Plaintiffs' claims in this litigation challenging that approval. But, if the MLA ROW is legally sound and Plaintiffs' claims fail, Federal Defendants' request for vacatur and remand of the MLA ROW is moot.

Likewise, Cadiz's motions to strike will expose a significant and fatal defect in the central claim of Plaintiffs' complaint—i.e., that the pumping of groundwater by Cadiz from the aquifers that underlie its property will cause significant environmental harm. The defect is that the crux of Plaintiffs' claims (and relied on by Federal Defendants in their Motion for Remand) do not include unfavorable material facts to the Court that Plaintiffs have already litigated that environmental claims in state court, and that it was found to be meritless at both the trial and appellate tribunals. In the least, Plaintiffs' lack of candor supports Cadiz's motions to strike the allegations of environmental harm that have been the subject of litigation in state court. Moreover, given the fact that Federal Defendants Motion for Remand is based squarely on those allegations, it is critically important to the orderly administration of justice in this case that the Court allow and consider the Motions to Strike before considering the Motion for Remand. In sum, Cadiz asks

the Court to modify the Scheduling Order to allow Cadiz to file the Proposed Motions, if the Court finds modification is necessary. Cadiz's request is timely, and the Proposed Motions will narrow the claims in this litigation.

## IV. CONCLUSION

The Court should grant Cadiz's *Ex Parte* Application and clarify that the Scheduling Order does not foreclose the Proposed Motion. Alternatively, if the Court finds modification of the Scheduling Order is necessary, Cadiz requests that the Court modify the Scheduling Order to allow the Proposed Motions.

Dated: December 20, 2021

Respectfully submitted,

BROWNSTEIN HYATT FARBER SCHRECK, LLP

By: /s/ *Diane C. De Felice*
Lawrence J. Jensen
Diane C. De Felice
Christopher O. Murray
Attorneys for Intervenor-Defendants
CADIZ INC. and CADIZ REAL ESTATE LLC

# **PROOF OF SERVICE**

I, Ivy Capili, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 2049 Century Park East, Suite 3550, Los Angeles, California 90067-3007.

On December 20, 2021, I electronically filed the attached document:

> CADIZ INC. AND CADIZ REAL ESTATE LLC'S NOTICE OF *EX PARTE* APPLICATION AND *EX PARTE* APPLICATION TO CLARIFY THE SCHEDULING ORDER, OR, IN THE ALTERNATIVE, TO MODIFY THE SCHEDULING ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

with the Clerk of the court using the CM/ECF system which will then send a notification of such filing to the following:

*Please see attached Service List.*

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 20, 2021, at Los Angeles, California.

*/s/ Ivy Capili*

*The Native American Land Conservancy, et al. v. Debra Haaland, et al.*
Case No. 5:21-cv-00496-GW-AS
Service List

**Counsel for Plaintiffs**

Michael J. Robinson-Dorn
UC Irvine School of Law
Environmental Law Clinic
P.O. Box 5479
401 East Peltason Drive, Suite 4500C
Irvine, CA  92616-5479
Phone:  949.824.1043
Email:  mrobinson-dorn@law.uci.edu

**Counsel for Defendants**

Todd Kim
Assistant Attorney General
Luther L. Hajek
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
999 18th Street, South Terrace, Suite 370
Denver, CO  80202
Phone:  (303) 844-1376
Email:  luke.hajek@usdoj.gov

CADIZ'S *EX PARTE* APPLICATION TO CLARIFY THE SCHEDULING ORDER,
OR, IN THE ALTERNATIVE, TO MODIFY THE SCHEDULING ORDER